**Electronically Filed**
**Supreme Court**
**SCPW-20-0000509**
**24-AUG-2020**
**03:20 PM**

SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAI‘I

---

ORIGINAL PROCEEDING

ORDER RE:
PETTY MISDEMEANOR, MISDEMEANOR, AND FELONY DEFENDANTS
AT THE MAUI COMMUNITY CORRECTIONAL CENTER, THE HAWAI‘I COMMUNITY
CORRECTIONAL CENTER, AND THE KAUA‘I COMMUNITY CORRECTIONAL CENTER
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Chief Judge Ginoza, assigned by reason of vacancy,
with Wilson, J., concurring and dissenting[1])

On August 12, 2020, the Office of the Public Defender
("OPD") filed a petition for extraordinary writ pursuant to HRS
§§ 602-4, 602-5(5), and 602-5(6) and/or a writ of mandamus
("Petition").  The Petition seeks, among other things, a
reduction of the inmate populations at the State's correctional
centers and facilities in an effort to mitigate the harm that
the COVID-19 pandemic may inflict upon inmates, the correctional
staff, and the people of Hawai‘i.  In this regard, the Petition
seeks the expedited release of certain categories of inmates
from the State's correctional centers and facilities, without

---

[1]  A concurrence and dissent by Wilson, J., is forthcoming.

the filing and hearing of individualized motions for release. On August 17, 2020, answers to the Petition were filed by: (1) Nolan P. Espinda, Director of the Department of Public Safety, State of Hawai'i ("DPS") and Edmund (Fred) K.B. Hyun, chairperson of the Hawai'i Paroling Authority; (2) Mitchell D. Roth, Prosecuting Attorney for the County of Hawai'i; (3) Donald S. Guzman, Prosecuting Attorney for the County of Maui; (4) Dwight D. Nadamoto, Prosecuting Attorney for the City and County of Honolulu; and (5) Justin F. Kollar, Prosecuting Attorney for the County of Kaua'i.  The answers addressed the OPD's requested relief, stated objections and concerns, and provided alternative considerations.

The COVID-19 pandemic has caused a public health emergency.  Since July 2020, Hawai'i has seen a surge of COVID-19 cases in Hawai'i, with record numbers of positive cases and increased hospitalizations being reported.  While the majority of the cases are on O'ahu, the neighbor island numbers have increased in recent weeks.  In addition, since the Petition was filed, it has been reported that at least two hundred forty inmates and nearly fifty staff members have tested positive for COVID-19.  Although the majority of these cases are related to the O'ahu Community Correctional Center ("OCCC"), there have been positive COVID-19 test results in some of the other State correctional centers and facilities.

This court recognizes the impact of COVID-19 on Hawai'i's community correctional centers and facilities –- and the urgency by which suitable yet balanced action is required to reduce the inmate populations.  Because the Maui Community Correctional Center ("MCCC"), the Hawai'i Community Correctional Center ("HCCC"), and the Kaua'i Community Correctional Center ("KCCC") are overcrowded and exceed design capacity, and given

2

the current COVID-19 pandemic, they have the potential to not only place the inmates at risk of death or serious illness, but also endanger the lives and well-being of staff and service providers who work there, their families, and members of the community at large. Although the volume of positive COVID-19 cases in the correctional centers and facilities varies between the different islands, given the virulent spread of the virus within close quarters, any spread of COVID-19 within any of the correctional centers and facilities also has the potential to tax the capacities of the health care systems on each of the islands and the limited resources of Hawaiʻi's community health care providers.

This court also recognizes, however, public safety and health concerns regarding the release of inmates into the community.

Responding to the impact of this crisis in Hawaiʻi's community correctional centers and facilities requires a careful consideration of interests, both for public health and public safety.

Upon consideration of the submissions and record in SCPW-20-0000509, and the surge in COVID-19 positive test results in our community, including the rising numbers in the State's correctional centers and facilities, and pursuant to this court's authority under Hawaiʻi Revised Statutes ("HRS") §§ 602-5(3) & (6) and § 706-625, Governor David Y. Ige's Emergency Proclamations, and HRS § 601-1.5,

IT IS HEREBY ORDERED, with respect to MCCC, HCCC, and KCCC, as follows:

### Petty Misdemeanor or Misdemeanor Defendants

1. With regard to pretrial detainees charged solely with petty misdemeanor or misdemeanor offenses, the respective

3

court orders for detaining the individuals are temporarily suspended and, by Wednesday, August 26, 2020, DPS shall release such pretrial detainees, except those charged with abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), violation of a restraining order or injunction (HRS § 604-10.5), or any other crime in family court, subject to the following conditions:

     a.   The inmate has not received a positive COVID-19 test result, is not pending the result of a test that has been taken, and is not exhibiting COVID-19 symptoms.

     b.   Additional inmates who later meet this criteria shall be expeditiously released as set forth herein.

     c.   Before being released, the inmate shall provide to DPS current contact information, including residential address and/or telephone number, if available.

     d.   The inmate shall self-isolate for fourteen days and wear a mask when within six feet of others.

     e.   The inmate shall immediately report the development of COVID-19 symptoms to the Department of Health ("DOH") and shall thereafter follow directives from the DOH.

     f.   Each pretrial detainee released under this provision is ordered to appear as follows, unless otherwise ordered:

          (i)   For those inmates in the **second circuit**: on December 1, 2020 at 8:30 a.m., at the court that they last appeared except all district court cases will be held at the Maui District Court, Hoapili Hale, 2145 Main Street, Wailuku, Hawai'i 96793;

4

if the pretrial detainee's last appearance was on Molokaʻi or Lānaʻi, however, the OPD or defense counsel may appear without the inmate appearing in person.

(ii) For those inmates in the **third circuit**: on December 1, 2020 at 1:30 p.m. at the district court or circuit court that they last appeared.

(iii) For those inmates in the **fifth circuit**: at the Fifth Circuit Courthouse, Puʻuhonua Kaulike Building, 3970 Kaʻana Street, Lihue, Hawaiʻi 96766, on the date and time as ordered by the presiding judge.

Failure to comply with court orders or to appear may result in further charges, including but not limited to, criminal contempt.

g. All inmates under this category who have tested positive should be retested in accordance with guidance of the Centers for Disease Control and Prevention and/or the DOH.

h. All inmates released under this provision shall maintain contact with their attorneys and appear at all future court hearings.

i. When an inmate is released, all conditions of release originally imposed, if applicable, other than in-person reporting, shall remain in full force and effect. DPS shall inform all inmates, prior to their release, of their continuing obligation to abide by conditions of deferral or probation or pretrial release to promote public safety.

j. Any no-contact order shall remain in force.

k. All inmates released under this provision shall comply with any federal, state, or local laws, directives, orders, rules, and regulations regarding conduct during the declared COVID-19 pandemic emergency, including "social distancing" mandates and any proclamations issued by Governor David Y. Ige or the Governor's designee during the COVID-19 emergency, as well as any mandates or proclamations issued by the respective Mayors of each island.

l. All inmates released under this order shall further comply with all specific directives provided to them by DOH.

2. With regard to individuals incarcerated solely due to petty misdemeanor or misdemeanor convictions, the respective court orders for incarcerating or imprisoning the individual are temporarily suspended and the provisions provided under Paragraph 1 above shall also apply except for those convicted of abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), violation of a restraining order or injunction (HRS § 604-10.5), or any other crime in family court.

**Felony Defendants**

3. An expedited process, as set forth in paragraph 4, below, shall be undertaken to address the issues related to release and temporary suspension of incarceration for the following categories of inmates:

    a. Inmates serving a sentence (not to exceed 18 months) as a condition of felony deferral or probation except for (i) inmates serving a term of imprisonment for a sexual assault

6

conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

b.  All pretrial detainees charged with a felony, and those inmates who have pled guilty or no-contest and are awaiting sentencing, except those charged with a sexual assault or an attempted sexual assault, any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

c.    Inmates charged with a felony and awaiting adjudication of motions for revocation or modification of probation or motions to set aside or modify deferral, except for (i) inmates serving a term of imprisonment for a sexual assault conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

4.    An "eligible inmate" is an inmate or detainee who falls within the categories set forth in Paragraph 3.a., 3.b., or 3.c. above.  Under the expedited process:

a.    Motions for release and temporary suspension of incarceration will be presumed to have been filed for eligible inmates identified in the lists provided by DPS on August 22, 2020.  The OPD or private or court-appointed counsel may file supplemental information regarding any eligible inmate by Tuesday, August 25, 2020, at 4:00 p.m.

b.    Any objection to the release and temporary suspension of incarceration of any eligible inmates shall be filed by Wednesday, August 26, 2020 at 4:00 p.m.

c.    The respective courts should adjudicate these matters on a non-hearing basis but may, in extraordinary circumstances, set an expedited telephonic or video hearing. The courts may deny release of an eligible inmate if release would pose a significant risk to the safety of the inmate or the public.  Whether a verified residence for an inmate will be required in a specific case will be left to the discretion of the judge, but alternative means of maintaining contact such as telephone, probation review hearings, or scheduled contacts with probation officers may also be employed.  While judges are required to make individualized determinations, judges must not require verified residences for defendants, unless such a condition is supported by specific factual findings in an individual case.

d.    Except for eligible inmates for whom expedited telephonic or video hearings are scheduled, the respective circuit or family courts shall enter orders by Monday, August 31, 2020 determining whether each such eligible inmate should be released.

e.    Orders allowing release and temporary suspension of incarceration shall reflect that they are subject to the condition in Paragraph 5 below.

5.    Upon entry of the trial court's release order, DPS shall release the inmate only if the inmate has not received a positive COVID-19 test result, does not have pending the result of a test that has been taken, and is not exhibiting COVID-19 symptoms.

6. Additional individual motions may be filed for later identified eligible inmates. Any objections to such release must be filed within two business days of the filing of the motion. The respective circuit or family courts shall expeditiously address whether each such eligible inmate should be released. Any additional eligible inmates later released shall be subject to all applicable provisions set forth in this order.

**All Defendants**

7. When an inmate is released, all conditions of release originally imposed or set forth in any subsequent order, other than in-person reporting, shall remain in full force and effect. DPS shall inform all inmates, prior to their release, of their continuing obligation to abide by conditions of deferral or probation or pretrial release to promote public safety, and shall further advise them that:

a. All inmates shall maintain contact with their attorney and appear at all future court hearings.

b. Any no-contact order shall remain in force.

c. Any driver's license suspension shall remain in force.

d. Obligations to report to probation officers in-person shall be converted to telephone or video reporting under further order of the respective court.

e. Each inmate released under this order is ordered to appear as directed by the presiding judge. Failure to comply with court orders or to appear as directed may result in further charges, including but not limited to, criminal contempt.

8. In addition, all eligible inmates released pursuant to this order shall comply with the following:

a. Before being released, the inmate shall provide to DPS current contact information, including residential address and/or telephone number, if available.

b. The inmate shall self-isolate for fourteen days and wear a mask when within six feet of others.

c. The inmate shall immediately report the development of COVID-19 symptoms to the DOH and shall thereafter follow directives from DOH.

d. The inmate shall comply with any federal, state, or local laws, directives, orders, rules, and regulations regarding conduct during the declared COVID-19 pandemic emergency, including "social distancing" mandates and any proclamations issued by Governor David Y. Ige or the Governor's designee during the COVID-19 emergency, as well as any mandates or proclamations issued by the respective Mayors of each island.

e. The inmate shall further comply with all specific directives provided to them by DOH.

9. All notices and information required under HRS § 801D-4 shall be provided.

**Other Requirements**

10. DPS shall provide a list of all inmates released under this order, as well as the contact information provided by those inmates, to the OPD, the prosecuting attorney of the respective circuits, and the Administrative Director of the Courts no later than the next day following the inmate's release. The list shall include the name of the inmate and the criminal case number(s) for which the inmate has been held.

11. This order does not preclude any party from taking any other steps as may be deemed appropriate to obtain the release of an inmate during this time of emergency or stay any pending motions seeking the release of inmates. This order

11

also does not affect DPS's authority under the law to release inmates on its own accord.

12. This court reserves its authority to order other measures.

DATED: Honolulu, Hawaiʻi, August 24, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Lisa M. Ginoza

